263-066806                               RES/cjs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

LORI ADCOCK, as Special Administrator    )
of the Estate of SELMER NESET, Deceased, )
                                         )
                  Plaintiff,             )      Civil Action No.:
        v.                               )      (Circuit Court McHenry County)
                                         )      Illinois Case No.:   09 LA 238
SUNRISE IV CRYSTAL LAKE SL LLC,          )
d/b/a THE FOUNTAINS, an Illinois Limited )
Liability Company,                       )
                  Defendant.             )

## NOTICE OF REMOVAL

**NOW COME**, the Defendant, SUNRISE IV CRYSTAL LAKE SL LLC, by and through its

attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby remove this civil action, case number

10 LA 401 from The Circuit Court of The Twenty-Second Judicial Circuit, McHenry County, State

of Illinois, to the United States District Court for the Northern District of Illinois, Western Division,

pursuant to 28 USC §§1441 and 1332.  In support thereof, the Defendant states as follows:

　　1.　　This action was re-filed in The Circuit Court of The Twenty-Second Judicial Circuit,

McHenry County, State of Illinois on October 28, 2010. (A copy of the Complaint at Law and

Summons are attached hereto and incorporated herein as "**Exhibit 1**").  A copy of the Complaint was

served upon the Defendant, Sunrise IV Crystal Lake SL LLC, on November 5, 2010.  This notice is

filed within 30 days after service of the Complaint upon the Defendant.

　　2.　　Any civil action brought in a state court of which the District Courts of the United

States have original jurisdiction may be removed by the defendant to the district court of the United

States for the district and division embracing the place where such action is pending. 28 USC §§1441.

3.     The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and where there is complete diversity. 28 USC §§1332. There is complete diversity when, at the time that the action was commenced, every plaintiff is of diverse citizenship as every defendant. Id.

4.     At the time the action was commenced, Plaintiff, Lori Adcock, was a citizen of the State of Illinois.

5.     At the time this action was commenced, Defendant, Sunrise IV Crystal Lake SL, LLC, was a Delaware limited liability company with one member. The sole member of the Defendant was Sunrise IV (Pool II), LLC, a Delaware limited liability company. The sole member of Sunrise IV (Pool II), LLC was Sunrise IV Senior Living Holdings, LLC, also a Delaware limited liability company.

6.     Sunrise IV Senior Living Holdings, LLC has two members: Sunrise Senior Living Investments, Inc. and US Senior Living Investments, LLC. Sunrise Senior Living Investments, Inc. was a corporation organized and existing under the laws of the State of Virginia. Its principal place of business was also in Virginia.

7.     The sole member of US Senior Living Investments, LLC is GSS (US Senior Living Investments), Inc., which was a corporation organized and existing under the laws of Delaware. Its principal place of business was in New York. None of the limited liability companies had their principal place of business in Illinois.

8.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff contends that Defendants' alleged negligence caused Selmer Neset to suffer a fall and a fractured hip. Plaintiff has alleged that they are entitled to personal and pecuniary damages, including

2

pain, suffering, medical expenses, disfigurement and mental anguish. Plaintiff has also alleged that the alleged negligence proximately caused the death of Selmer Neset. Based on this information, there is a good faith basis to assert that the amount in controversy could exceed the jurisdictional amount.

9.      Therefore, the United States District Courts have original jurisdiction for this civil action under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Western Division, which is the district and division in which the State action is pending.

11.     Defendant have attached to this Notice copies of process and pleadings that have been served upon it.

**WHEREFORE**, the Defendant, SUNRISE IV CRYSTAL LAKE SL LLC, by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, pray that this cause be removed to the United States District Court for the Northern District of Illinois, Western Division for the reasons set forth above.

Respectfully submitted,

 /s/ Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7524
Fax:          (312) 346-8242
Rsidkey@pretzel-stouffer.com
*Attorney for Defendant*

3

## CERTIFICATE OF SERVICE

A copy of the **Defendant's Notice of Removal** was filed electronically this **29th day of November**, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and via regular mail. Parties may access this filing through the court's electronic system.

**ATTORNEY FOR PLAINTIFF**

Law Offices of Thomas J. Popovich, P.C.

3416 W. Elm Street

McHenry, Illinois 60050

(815) 344-3797

(815) 344-5280 - fax

Respectfully submitted,

/s/Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7489
Fax:               (312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendant*

4

*SUMMONS – 30 DAY*
**IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**McHENRY COUNTY, ILLINOIS**

(Name all parties)

**LORI ADCOCK, as Special Administrator**

**of the Estate of Selmer Neset, Deceased**

Plaintiff(s)

vs.

**SUNRISE IV CRYSTAL LAKE SL LLC,**

**d/b/a THE FOUNTAINS, an Illinois Limited**

**Liability Corporation**

Defendant(s)

Case Number ___10 LA 401___

Amount Claimed $ ___50,000.00+___

PLEASE SERVE:
Stephanie Dimitrenko, Administrator
The Fountains
1000 E. Brighton Lane
Crystal Lake, IL 60012

# SUMMONS

**To each Defendant:**

 YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

 This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS _____ **NOV – 3 2010** _____ 20___

*Katherine M. Keefe*

Clerk of the Circuit Court

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name **Law Offices of Thomas J.Popovich**

Attorney for **Plaintiff**

Address **3416 W. Elm St.**

City, State Zip **McHenry, IL 60050**

Telephone **815-344-3797**

Prepared by _____

Attorney for _____

Attorney Registration No. **06203684**

CV-SUM9: Revised 12/01/06            Page 1 of 2

**COPY**  **FILED**

OCT 2 8 2010

KATHERINE M. KEEFE
McHENRY CTY. CIR. CLK.

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS. |
| COUNTY OF McHENRY | ) |

IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

LORI ADCOCK, as Special Administrator )
of the Estate of SELMER NESET, Deceased, )
                                        )
           Plaintiff, )
                                          )
           vs. )    No. 10 L A 401
                                          )
SUNRISE IV CRYSTAL LAKE SL LLC, )
d/b/a THE FOUNTAINS, an Illinois Limited )
Liability Company, )
                                          )
          Defendant. )

## COMPLAINT

### Count I - Violation of Statute/Survival

NOW COMES the Plaintiff, LORI ADCOCK as Special Administrator of the Estate of

SELMER NESET, Deceased, by her attorneys LAW OFFICES OF THOMAS J. POPOVICH, P.C.,

against the defendant SUNRISE IV CRYSTAL LAKE LLC d/b/A THE FOUNTAINS, an Illinois

Limited liability Company corporation alleges as follows:

1.     Selmer Neset was born on April 21, 1931.

2.     Selmer Neset died on July 11, 2007.

NOTICE
BY LOCAL RULE 3.10
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM 204 ON
3 13 20 11 , AT 9:00 AM PM
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

3. Lori Adcock was appointed as Special Administrator of the Estate of Selmer Neset for purposes of this cause of action.

4. Defendant, Sunrise IV Crystal Lake LLC d/b/a The Fountains, is an Illinois Limited Liability Company with its primary place of business located at 1000 East Brighton, Crystal Lake, Illinois, and was a facility licensed by the Illinois Department of Public Health to provide nursing and other medical care to it's residents.

5. Selmer Neset was admitted to The Fountains on or about December 7, 2006 for long term nursing care due to dementia and other medical conditions.

6. Selmer Neset was a resident and/or patient of the Defendant from December 7, 2006 to June 30, 2007.

7. Throughout the time that Selmer Neset was a resident of The Fountains, Defendant owned, operated and were officers, directors and/or stockholders of The Fountains.

8. At all times relevant to this Complaint, The Fountains was licensed by the State of Illinois as a long term care facility.

9. At all times relevant to this Complaint, there was in full force and effect a statute known as the Nursing Home Care Act as amended (the "Act"), 210 ILCS 45/1-101 *et seq.*

10. At all times relevant to this Complaint, The Fountains operated by Defendant was a "facility" as defined by Sec. 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

11. At all times relevant to this Complaint, Defendant was subject to the requirements of 42 U.S.C. Sec. 139r (1990) *et seq.* as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

Page 2

12.    At all times relevant to this Complaint, Defendant was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA Regulations") as effective on October 1, 1990.

13.    At all times relevant to this Complaint The Fountains, operated by Defendant, was a "nursing facility" as defined by 42 U.S.C.A. Sec. 1396r.

14.    Defendant, The Fountains, by its owners, licensees, administrators, employees, agents and staff had the duty not to abuse or neglect any resident of The Fountains as provided by the Act as follows:

> An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. (210 ILCS 45/1-103)

> "Abuse" means a physical or mental injury or sexual assault inflicted on a resident other than that by accidental means in a facility (210 ILCS 45/1-103)

> "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. (210 ILCS 45/1-117)

15.    At all relevant times, Defendant, The Fountains, by its officers, employees, agents and staff had the following duty under OBRA and Sec. 483.25 of the OBRA Regulations:

> Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental and psychological well-being, in accordance with the comprehensive assessment and plan of care.

16.    On and before and after June 30, 2007, and at all time material, The Fountains provided nursing care and treatment to Selmer Neset, who was completely dependent of The Fountains staff for all of his medical and nursing care.

Page 3

Case: 1:10-cv-07593 Document #: 1 Filed: 11/29/10 Page 9 of 13 PageID #:9

17. On and before June 30, 2007, Selmer Neset was assessed as being at a high risk for fall and injury.

18. On and before June 30, 2007, Defendant's policies and procedures required that fall protections and interventions be implemented to prevent Selmer Neset from falling and injuring himself.

19. On or before June 30, 2007, Defendant, its agents, servants, employees, nurses and nurses assistants, failed to implement adequate fall protection interventions for Selmer Neset, and allowed him to be left alone without adequate and direct nursing supervision.

20. During Selmer Neset's residency at The Fountains, the Defendant violated the provisions of the Act in one or more of the following ways:

    a. Failed to provide adequate and properly supervised care to meet Selmer Neset'S total nursing and personal care needs, in violation of 77 Ill.Admin.Code, Ch.I, § 300.1210 a);

    b. Failed to report the matter of abuse or neglect to the Department of Public Health, in violation of 77 Ill.Admin.Code, Ch.I § 300.3240 d);

    c. Failed to protect Selmer Neset from abuse, neglect or mistreatment according to the Department of Health and Human Services Long Term Care Guidelines Tag No. F225 and the Nursing Home Care Act, 210 ILCS 45/2-107 (Abuse).

21. As a direct and proximate result of one or more of the Defendant The Fountains' statutory violations, Selmer Neset, was left alone, was allowed to fall and fracture his left hip, for which he consciously suffered personal and pecuniary damages, including his pain and suffering, medical expenses, disfigurement and mental anguish prior to his death, and had he survived would have been entitled to bring an action for such damages and such action has survived him.

WHEREFORE the Plaintiff, LORI ADCOCK, as Special Administrator of the estate of SELMER NESET, asks that judgment be entered against the defendant SUNRISE IV CRYSTAL LAKE LLC, INC., d/b/a THE FOUNTAINS, INC., in an amount in excess of $50,000.00.

## Count II - Negligence/Wrongful Death

NOW COMES the Plaintiff, LORI ADCOCK as Special Administrator of the Estate of SELMER NESET, Deceased, by her attorneys LAW OFFICES OF THOMAS J. POPOVICH, P.C., and for Count II of her Complaint against the defendant SUNRISE IV CRYSTAL LAKE LLC d/b/a THE FOUNTAINS, an Illinois corporation, alleges as follows:

1-21.    Plaintiff restates and realleges paragraphs 1-21 of Count I as paragraphs 1-21 of this Count II, as though fully set forth herein.

22.    During Selmer Neset's aforesaid residency at The Fountains, the Defendant, through it's agents and employees, was negligent in one or more of the following ways:

    a.    Failed to provide adequate and properly supervised care to meet Selmer Neset'S total nursing and personal care needs, in violation of 77 Ill.Admin.Code, Ch.I, § 300.1210 a);

    b.    Failed to report the matter of abuse or neglect to the Department of Public Health, in violation of  77 Ill.Admin.Code, Ch.I § 300.3240 d);

    c.    Failed to protect Selmer Neset from abuse, neglect or mistreatment according to the Department of Health and Human Services Long Term Care Guidelines Tag No. F225 and the Nursing Home Care Act, 210 ILCS 45/2-107 (Abuse);

    d.    Failed to provide Selmer the necessary and reasonable nursing care he required and was entitled to during her stay at the facility;

    e.    Failed to implement adequate fall interventions and precautions;

    f.    Allowed Selmer Neset to be left unsupervised in his room;

Page 5

g.    Implemented the use of a tab monitor when Defendants knew or should have known that such use was contraindicated and/or inappropriate for Selmer Neset.

23.    As a direct and proximate result of one or more of the Defendant The Fountains' statutory violations, Selmer Neset, fell, fracturing his left hip, which ultimately and proximately caused his death.

24.    That decedent, Selmer Neset, left surviving him a daughter Lori Adcock, and son John Neset who have suffered pecuniary losses as a result of the death of their father including the loss of his love, society, and companionship.

WHEREFORE the Plaintiff LORI ADCOCK, as Special Administrator of the Estate of SELMER NESET, Deceased, asks that judgment be entered against the defendant SUNRISE IV CRYSTAL LAKE LLC, INC., d/b/a THE FOUNTAINS, INC., in an amount in excess of $50,000.00.

LAW OFFICES OF THOMAS J. POPOVICH, P.C.

JAMES P. TUTAJ, Attorney for Plaintiff

LAW OFFICES OF THOMAS J. POPOVICH, P.C.
3416 W. Elm Street
McHenry, Illinois 60050
815-344-3797
Attorney No. 06203684

S:\Main\ADCOCK, LORI\Documents\Complaint 6-29-09.wpd

STATE OF ILLINOIS      )
                       )SS
McHENRY COUNTY         )

## IN THE CIRCUIT COURT FOR THE 22ND JUDICIAL CIRCUIT
## McHENRY COUNTY, ILLINOIS

LORI ADCOCK, as Special Administrator )
of the Estate of SELMER NESET, Deceased, )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )      No. 07 LA 60
                                       )
WRHC & RC, d/b/a WOODSTOCK             )
RESIDENCE, an Illinois corporation,    )
                                       )
            Defendant.                 )

## AFFIDAVIT

I, JAMES P. TUTAJ, being first duly sworn on oath, depose and state as follows:

1.      That I am one of the attorneys responsible for the prosecution of the above-entitled case.

2.      That on behalf the Plaintiff, Lori Adcock, as Special Administrator of the Estate of Selmer Neset, Deceased, I am hereby requesting money damages in excess of $50,000.00, against the above-named Defendant.

FURTHER, Affiant sayeth naught.

LAW OFFICES OF THOMAS J. POPOVICH, P.C.

_____
One of Plaintiff's Attorney

LAW OFFICES OF THOMAS J. POPOVICH, P.C.
3416 W. Elm Street
McHenry, Illinois 60050
815/344-3797
ARDC No. 06203684

IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

LORI ADCOCK, as Special Administrator )
of the Estate of SELMER NESET, Deceased, )
                                  )
           Plaintiff, )
                                  )
     vs. )     No.
                                    )
SUNRISE IV CRYSTAL LAKE SL LLC, )
d/b/a THE FOUNTAINS, an Illinois Limited )
Liability Company, )
                                    )
         Defendant. )

## ATTORNEY'S AFFIDAVIT PURSUANT TO 5/2-622(a)(2)

    I, James P. Tutaj, upon oath and under penalty of perjury as provided by Section 1-109 of the Code of Civil Procedure, state that I have personal knowledge of the facts set forth in this Affidavit and if called to testify could testify competently thereto:

    1.    I am one of the attorneys for Plaintiff, Lori Adcock, in the above captioned matter.

    2.    I was unable to obtain a consultation as required by paragraph 1 of Section 2-622 of the Code of Civil Procedure because the statute of limitations would impair the action and the consultation required by paragraph 1 could not be obtained before the expiration of the statute of limitations.

    3.    I shall file an affidavit and written report required by paragraph 1 of Section 2-622 within 90 days of the filing of Plaintiff's Complaint.

FURTHER AFFIANT SAYETH NAUGHT

                                 JAMES P. TUTAJ, Attorney for Plaintiff

SUBSCRIBED and SWORN to before me
this ____ day of _____, 2010.

_____
           Notary Public

                                 OFFICIAL SEAL
                                 JULIANA K RUSSO
                          NOTARY PUBLIC - STATE OF ILLINOIS
                          MY COMMISSION EXPIRES:03/19/12

LAW OFFICES OF THOMAS J. POPOVICH, P.C.
3416 West Elm Street
McHenry, IL 60050
815-344-3797
Attorney ID No. 06203684